■    The People of the State of New York, Respondent, v. Roosevelt Stevenson, Appellant.— Judgment unanimously modified by vacating the sentence and remanding defendant to Erie County Court for resentence in accordance with the memorandum and otherwise judgment affirmed. Memorandum: Defendant appeals from a judgment of conviction of burglary in the second degree and asserts various errors which he contends require a reversal. The record amply justifies the jury verdict of guilty. The trial court, upon an information filed by the District Attorney, found defendant guilty of four previous felony convictions and sentenced him as a fifth felony offender. Defendant admitted his identity as the person convicted of the four felonies but argued that certain of the convictions in other jurisdictions would not

constitute felonies under the penal laws of the State of New York. The only proof presented by the prosecution was the reading of the statutes under which defendant was convicted in the foreign States. Counsel for defendant objected to this method of proving the prior convictions and moved to dismiss the information because of the failure of proof by reason of the absence of the indictments. The trial court overruled defendant's objections and stated that upon the authority of *People* v. *Olah* (300 N. Y. 96) proof of the statutes alone was sufficient. It was error to have so ruled, as was definitely stated in *People ex rel. Gold* v. *Jackson* (5 N Y 2d 243) where the court said (p. 245) : " The rationale of *Olah* does not license the courts below, in sentencing recidivists, to disregard the indictment or information upon which a conviction in a sister State is based in determining whether the crime charged therein constitutes a felony in New York. * * * Only those facts alleged in the indictment or information which are not operative or material under the applicable criminal statute of the foreign jurisdiction are to be discounted in ascertaining whether the crime charged is to be deemed a felony in New York." (Also, see, *People* v. *Johnson,* 13 A D 2d 484.) Defendant should be remanded to Erie County Court for a rearraignment on the information alleging prior convictions in foreign jurisdictions upon which all of the rights of the defendant must be observed. (Appeal from judgment of Erie County Court convicting defendant of burglary second degree.) Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.